UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH CHARLES MCMURRAY,

    Petitioner,

v.                                             CASE NO. 6:12-cv-1030-Orl-37DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 7). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12). Petitioner filed a reply to the response (Doc. No. 14) and an amended reply (Doc. No. 16).

Petitioner alleges two claims for relief in his habeas petition. As discussed hereinafter, the Court concludes that the petition is untimely and must be denied.

    I.    *Procedural History*

Petitioner was charged with one count of burglary of a structure and one count of third degree grand theft (App. B at 2). After a jury trial, Petitioner was convicted as

charged. *Id.* at 82-83. The trial court sentenced Petitioner to a five-year term of imprisonment for count one, as a habitual felony offender ("HFO"), and to a concurrent five-year term of imprisonment for count two. *Id.* at 116. Petitioner appealed, however, he later moved to voluntarily dismiss his appeal. *Id.* at 121. The Fifth District Court of Appeal granted the motion and dismissed Petitioner's appeal on March 1, 2010 (App. H). Petitioner moved to reinstate his appeal on March 25, 2010, and the appellate court denied the motion on April 28, 2010. (App. I & J).

On February 2, 2011,[1] Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (App. K). After Petitioner filed an amended Rule 3.850 motion (App. L), the trial court summarily denied the motion (App. M). Petitioner appealed (App. P), and the Fifth District Court of Appeal affirmed *per curiam* on November 29, 2011 (App. Q). Mandate issued on January 27, 2012. Petitioner initiated the instant action on June 28, 2012 by filing a motion for leave to proceed in forma pauperis (Doc. No. 1). Nevertheless, Petitioner did not file his federal habeas petition until August 21, 2012 (Doc. No. 7).

II.   *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>>(A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court dismissed Petitioner's direct appeal on March 1, 2010. Petitioner's conviction became final ninety days later, or on June 1, 2010,[2] *See* Sup. Ct. R. 13(3) (stating the time for filing a petition for writ of certiorari runs 90 days from the date of the judgment or order sought to be reviewed and not

---

[2]The actual deadline, May 30, 2010, fell on a Sunday, and the following day, Monday, May 31, 2010, was a holiday; therefore, the deadline was extended through the

from the date the mandate is issued); *Howard v. Buss*, No. 5:10cv109/SPM/EMT, 2011 WL 3294497, at *2 (N.D. Fla. June 29, 2011) (assuming without deciding that the petitioner was entitled to the 90-day period for seeking certiorari review after the appellate court dismissed his appeal); *Harter v. Sec'y, Dep't of Corr.*, No. 8:08-cv-202-T-27EAJ, 2011 WL 761546, at *2 (M.D. Fla. Feb. 24, 2011) (concluding the petitioner's judgment of conviction became final ninety days after the appellate court dismissed the petitioner's direct appeal). Thus, under § 2244(d)(1)(A), Petitioner had through June 1, 2011, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. The first "properly filed" application for post-conviction review occurred on February 2, 2011, when Petitioner filed his Rule 3.850 motion. At that time, a total of 246 days of the one-year limitations period had elapsed. The time was tolled from February 2, 2011, through January 27, 2012, the date the mandate issued on appeal. Petitioner had 119 days remaining, or until May 25, 2012, in which to timely file his federal habeas petition. Petitioner's federal habeas petition, filed on August 21, 2012, is untimely.[3]

---

next business day, Tuesday, June 1, 2010.

[3]The Court notes that Petitioner filed a motion to reinstate his direct appeal. That motion, however, is not a tolling motion. *See Lewis v. Wheeler-White*, No. 09-00430-WS-N, 2010 WL 3023524, at *3 n. 6 (S.D. Ala. July 1, 2010) (concluding the petitioner's argument that a motion to reinstate her direct appeal amounted to a tolling motion was "unavailing").

Even assuming that the motion constituted a tolling motion, Petitioner's federal

4

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not

---

habeas petition is still untimely filed. Giving Petitioner 90 days from April 28, 2010, the date the appellate court denied Petitioner's motion to reinstate his appeal, the Court concludes that the one-year limitations period began to run on July 27, 2010. Petitioner filed his Rule 3.850 motion on February 2, 2011, as noted above. By then, 190 days of the one-year period had expired. The limitations period started again on January 27, 2012, the date the mandate issued on direct appeal. Petitioner had 175 days in which to file his federal petition, or until July 20, 2012. The Court is aware that Petitioner initiated the instant action on June 28, 2012, by filing a motion for leave to proceed in forma pauperis. However, the one-year limitations period continues to run until an "actual" petition for writ of habeas corpus is filed. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003) (holding that a federal habeas case commences with the filing of an application for habeas corpus relief); *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003); *Carlton v. McNeil*, No. 3:09-cv-1201-J-34JBT, 2010 WL 3463489, at *2 n.5 (M.D. Fla. Sept. 2, 2010). Therefore, the petition is also untimely under this scenario.

made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Keith Charles McMurray (Doc. No. 7) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 31st day of January, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 1/31
Counsel of Record
Keith Charles McMurray